IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

VERONICA CAMPBELL                                                                    PLAINTIFF

vs.                                                           CIVIL ACTION NO. 1:12cv0235-SAA

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION                                                       DEFENDANT

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Veronica Campbell for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed applications for SSI, DIB and for a period of disability (POD) on December 29, 2009, alleging disability beginning November 1, 2009. Docket 9, p. 143-46, 160. Her claim was denied initially on July 9, 2010 (*Id.* at 70-81) and on reconsideration on September 30, 2010. *Id.* at 69. She filed a written request for hearing on November 29, 2010 and was represented by counsel at the hearing held on July 25, 2011. *Id*. at 33-65. The Administrative Law Judge (ALJ) issued an unfavorable decision on August 1, 2001 (*Id.* at 16-28), and the Appeals Council denied plaintiff's request for a review on September 17, 2012. *Id.* at 1-4. Plaintiff timely filed the instant appeal from the decision, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

**I. FACTS**

Plaintiff was born on November 8, 1967, and completed high school and cosmetology school. Docket 9, p. 32. She was forty-two years old at the time of the application. Her previous employment included being a cosmetologist and car parts inspector. *Id.* at 63-64. Plaintiff contends that she became disabled before her application for SSI, DIB and POD due to fibromyalgia, depressive disorder, anxiety disorder, thyroid problems and sleep issues. Docket 9, p. 39-49.

The ALJ determined that plaintiff suffered from a "severe" impairment of "fibromyalgia; depressive disorder; and anxiety disorder" (Docket 9, p. 21), but that the impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 4165.926). *Id.* at 22. Based upon testimony by the vocational expert [VE] at the hearing and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) "to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to unskilled work activities." *Id.* at 24. The ALJ rejected her claims of disability, concluding that even though the plaintiff had severe impairments and could not perform her past relevant work, the application of the Medical Vocational Rules "the Grids" result in a determination that plaintiff is not disabled under the Social Security Act. Docket 9, p. 27.

Plaintiff argues that the ALJ erred in determining that her impairments did not meet a listing, improperly assigned weight to various medical sources and improperly discounted plaintiff's credibility. Additionally, plaintiff alleges that the Appeals Council erred in failing to consider new medical evidence submitted. Docket 15, p. 2-3.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R §§ 404.1520(g), 416.920(g) (2010).

cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir.

---

[8]*Muse*, 925 F.2d at 789.

[9]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff argues on appeal that the ALJ erred when he did not afford proper weight to the opinions of her treating physician or those of other examining and consulting physicians, and instead gave significant weight to an agency physician who did not examine plaintiff and did not have all of her medical records. Docket 15. Specifically, the ALJ afforded the most weight to the opinions of Dr. Bernard Booth, a state agency medical consultant who provided a "check box" form entitled "Physical Residual Functional Capacity Assessment" on June 15, 2010, long before many of plaintiff's medical records had been obtained and while she was receiving on-going treatment by Sarita Glover-Jackson, FNP. Docket 9, p. 279-286. Dr. Booth's Assessment contains only checks in boxes and a few very brief statements concerning plaintiff's allegations, but no actual evidence to support his conclusions other than the statement that "[t]he symptoms are attributable to medically determinable impairments." Docket 9, p. 284.

The ALJ did not specify what weight he assigned to Glover-Jackson, and he only afforded little weight to the other sources who examined either plaintiff's medical records or plaintiff herself. Specifically, the ALJ discounted the opinion of Dr. Robert Winston because his examination of plaintiff was paid for by plaintiff and because, in the ALJ's opinion, it was inconsistent with the evidence of record. Docket 9, p. 25. Plaintiff notes that it was precisely because the agency consultants did not have all of her records and did not express opinions as to her RFC that her attorney sent her to Dr. Winston for a "review, examination, report and long-form RFC." Docket 15, p. 5. After a physical examination of plaintiff, as well as a review of her medical records, Dr. Winston provided a three page report of her condition and a Medical Source

5

Statement with handwritten notes throughout concerning specific impairments affecting plaintiff's abilities. Docket 9, p. 469-77.

Plaintiff argues that even if the ALJ did not find it appropriate to afford her treating sources greater weight, he should have given Dr. Winston's opinions greater weight because he did actually examine plaintiff and provided detailed a detailed opinion based upon objective evidence. Doing so would have resulted in an RFC that limited plaintiff to sedentary work at most and would have required additional evidence in the form of VE testimony concerning jobs plaintiff could have performed.

The Commissioner responds that the ALJ properly discounted all consulting, examining and treating sources other than the opinion of non-examining, consulting source Dr. Booth. Docket 16. Specifically, the Commissioner argues that the opinions of Dr. Richard Spring, an agency mental consultant, were properly discounted because the opinion "consists merely of a check-box form" and "an assessment based partially on Campbell's own reported history." Docket 16, p. 7. As for Dr. Winston's opinions, the Commissioner responds that the ALJ properly assigned little weight to these opinions because they were provided by a one-time examining physician, not a treating physician, and they were unsupported by medical evidence of record. Last, while failing to even acknowledge that the ALJ did not even assign any weight at all to Glover-Jackson's opinion, the Commissioner notes that she is a nurse practitioner and is not an acceptable medical source under the Social Security regulations. Docket 16, p. 13.

The court has previously disapproved of the Commissioner's reliance on "check-box forms" to support opinions consistent with the ALJ's position while at the same time using the "check-box forms" argument as a means to criticize opinions of other examining and treating

physicians.  In the instant case, the ALJ afforded the most weight to Dr. Bernard Booth – who never saw the plaintiff or all of her medical records and only provided a check-box form.  The ALJ then turned around and utilized the "check-box form" argument to thoroughly discount Dr. Spring's Medical Source Statement.  The court agrees with the Commissioner that it is preferable to have physicians' opinions that have more meat to them than a simple check-box form.  However, what is good for the goose is good for the gander:  the Commissioner must apply the same argument to all opinions – not just the ones it does not like.  If the court applies the Commissioner's "check-box form" argument, the ALJ improperly afforded significant weight to the opinions of Dr. Booth – the only physician who offered an opinion to support the ALJ's RFC.  Therefore, the ALJ's RFC and resulting ultimate conclusion that plaintiff is not disabled based upon the application of the Grids is not supported by substantial evidence.

Although it expresses no opinion on whether the plaintiff is disabled or not, the court concludes that the ALJ's opinion is unsupported by substantial evidence, and this case should be remanded for further consideration.  An ALJ has a duty to contact a treating physician or other medical sources "[w]hen the evidence . . . receive[d] from [a] treating physician . . . is inadequate . . . to determine whether [a claimant] is disabled." 20 C.F.R. §§ 404.1512(e).  The regulations further provide "additional evidence or clarification *will* be sought [emphasis added by the court] when the report from [a] medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1512(2)(1). Additionally, "[a]n 'ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position'" *Morgan v. Astrue*, 2010 WL 2697170,

*8 (N.D.Tex. July 7, 2010), citing *Loza v. Apfel*, 219 F.3d 378, 393 (5th Cir. 2000).

"Without reports from qualified medical experts, a court cannot determine the effects of a claimant's conditions, no matter how small, on his ability to perform work; consequently, without reports from qualified medical experts, the court cannot agree that substantial evidence supports the conclusion that a claimant is not disabled." *Parmer v. Commissioner of Social Security*, 2008 U.S. Dist. LEXIS 70297, *9 (E.D. Tex., Tyler Div. Sept. 8, 2009), citing *Ripley v. Chater*, 67 F.3d 552, 557, n.27 (5th Cir. 1995). Some courts have held that "[m]edical reports that are not based on personal observation 'deserve little weight in the overall evaluation of disability.'" *Hilsdorf v. Commissioner of Social Security*, 2010 WL 2836374, at *13 (E.D.N.Y. July 15, 2010), citing *Vargas v. Sullivan*, 898 F.2d 293, 295-96 (2d Cir. 1990); see also *Filocomo v. Chater*, 944 F.Supp. 165, 170 (E.D.N.Y. 1996) (reliance on RFC assessment "completed by a doctor who never physically examined Plaintiff" would be "unfounded, as the conclusions of a physician who merely reviews a medical file and performs no examination are entitled to little if any weight.").

The record does not contain an opinion from any physician who has treated plaintiff regarding her functional abilities during the relevant period. An RFC assessment from at least one of plaintiff's treating sources was especially important in this case given that the only physician whose opinion was given significant weight did not examine plaintiff and did not have all of the plaintiff's medical records when he formed his opinions. Based upon a review of the non-examining state-agency physician's "check-box form," it does not appear that he had any treating or examining source statements to review or consider in formulating his opinion; consequently, Dr. Booth's opinion can hardly be considered proper medical evidence from a

8

qualified medical expert. By failing to support his RFC determination with proper expert medical evidence, preferably from at least one of plaintiff's treating physicians, the ALJ committed legal error.

The court understands that plaintiff's medical history is not lengthy, and she does not have a longstanding treating physician. However, the ALJ cannot pick and choose an opinion that is not properly supported by objective medical evidence simply because plaintiff cannot afford extensive medical care. It may be that there is substantial evidence to deny the plaintiff's claims, but it is unclear whether the ALJ had the proper medical support to reach the RFC and the ultimate conclusion that plaintiff is not disabled. It is clear that additional development of the record, specifically in the form of additional opinions from a treating physician or even a follow-up review by an examining physician once he/she had been provided all the records and medical source statements, would have been easily obtained, and probably helpful, had the ALJ sought such information. In such a case as this, where the ALJ wishes to rely on a non-treating, non-examining physician, the Commissioner should contact the treating physician or one of the examining physicians for additional evidence. 20 C.F.R. § 404.1509p(b) (2000). The undersigned holds that the decision of the Commissioner should be remanded for further proceedings consistent with this opinion.

## IV. PLAINTIFF'S REMAINING ARGUMENTS

This action will be remanded to the ALJ for reconsideration of the opinions of plaintiff's treating physician and for an evaluation by an examining physician of plaintiff's medical records, x-rays and tests. Because the court is remanding for further consideration of these issues, the court need not address the merits of the plaintiff's remaining arguments at this time.

## IV. CONCLUSION

A final judgment in accordance with this memorandum opinion will issue this day.

This, the 5th of August, 2013.

                                               /s/ S. Allan Alexander
                                               UNITED STATES MAGISTRATE JUDGE